# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

People of the State of Illinois,
Plaintiff-Appellee,

v.

Hortez Daniel,
Defendant-Appellant.

## 1-17-2267

### Appellate Court of Illinois

### First District, Fifth Division

### June 30, 2020

**JUSTICE HALL delivered the judgment of the court, with opinion.**

**Justice Rochford and Justice Delort concurred in the judgment and opinion.**

**Appeal from the Circuit Court of Cook County**

**No. 90 CR 16142**

**The Hon. James B. Linn, Judge Presiding.**

**FOR DEFENDANT-APPELLANT**

**James E. Chadd**
**State Appellate Defender**

**Patricia Mysza**
**Deputy Defender**

**Heidi Linn Lambros**
**Assistant Appellate Defender**
**Office of the State Appellate Defender**
**First Judicial District**
**203 N. LaSalle Street, 24th Floor**
**Chicago, IL 60601**

**FOR PLAINTIFF-APPELLEE:**

**Kimberly M. Foxx**
**State's Attorney, County of Cook**

**Alan J. Spellberg**
**Matthew Connors**
**Noah Montague**
**Assistant State's Attorneys, of Counsel**
**Room 309- Richard J. Daley Center**
**Chicago, IL 60602**

FIFTH DIVISION
Filing Date  June 30, 2020

No. 1-17-2267

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 90 CR 16142 |
| | ) | |
| HORTEZ DANIEL, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HALL delivered the judgment of the court, with opinion.
Justices Rochford and Delort concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant Hortez Daniel was convicted of first degree murder, armed robbery, and residential burglary in 1991. The offenses were committed when defendant was 16 years old. He was sentenced to an extended 70-year prison term for murder, 20 years for armed robbery and 15 years for residential burglary, all sentences to run concurrently. Defendant was also eligible to receive day-for-day credit for good conduct. On appeal, defendant contends that he is entitled to a new sentencing hearing where his postconviction petition made a substantial showing that his 70-year sentence was a *de facto* life sentence which violates the Eighth Amendment.  For the

following reasons, we reverse the trial court's ruling, vacate defendant's sentence, and remand for a new sentencing hearing.

¶ 2                                    BACKGROUND

¶ 3     On June 12, 1990, defendant entered the apartment of his grandmother's boyfriend, 77-year old Eulis Reese, and defendant subsequently choked him until he passed out.  Defendant then retrieved money and a handgun from the apartment.  Defendant loaded the gun and laid it on the table.  When Reese stirred, defendant grabbed a knife from the kitchen and attempted to stab him. Defendant then ordered Reese to stand up and be quiet while he checked the apartment for other people.  When Reese attempted to escape down the building's back stairs, defendant chased him and shot at him three times before fleeing with the money and gun.  Reese died from his injuries.

¶ 4     Defendant was convicted of first degree murder, armed robbery, and residential burglary on January 8, 1991, following a bench trial. *People v.* Daniel, 238 Ill. App. 3d 19, 22 (1992).  At the sentencing hearing, the trial court found that Reese's age was an aggravating factor that qualified for an extended prison term. *Daniel*, 238 Ill. App. 3d at 29; Ill. Rev. Stat. 1989, ch. 38, ¶¶ 1005-5-3.2(b)(4)(ii), 1005-8-2(a).  The trial court noted that defendant had a relationship with Reese, Reese was 77 years old, and petitioner was young. Defendant was then sentenced to an extended-term sentence of 70 years for murder, 20 years for armed robbery, and 15 years for residential burglary, with the sentences to run concurrently.

¶ 5     On direct appeal, defendant challenged the trial court's denial of his motion to suppress statements, the constitutionality of the search of his car, and the propriety of his sentences. We affirmed defendant's convictions and sentence.  *Daniel*, 238 Ill. App. 3d at 37.

¶ 6    Following the dismissal of defendant's initial postconviction petition, this court granted appellate counsel leave to withdraw as counsel and defendant's convictions and sentences were affirmed. *People v. Daniel*, No. 1-07-3354 (2007) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 7    On October 27, 2015, defendant sought leave to file a successive postconviction petition, asserting that his 70-year sentence for a crime committed when he was 16 years old amounted to a *de facto* life sentence, an unconstitutional sentence under *Miller v. Alabama*, 657 U.S. 560 (2012). Defendant sought to have his sentence vacated and requested to be resentenced. The petition was advanced to second-stage proceedings and counsel was appointed.

¶ 8    The State filed a motion to dismiss defendant's petition, asserting that defendant failed to make a substantial showing of a constitutional violation where the rationale of *Miller* applies only to natural life sentences, and because defendant was eligible to receive day-for-day credit on his 70-year sentence, his sentence was not a *de facto* life sentence.

¶ 9    The circuit court dismissed defendant's petition on the State's motion, finding that defendant failed to establish the requisite cause and prejudice for a successive postconviction filing. Regarding defendant's sentence, the trial court made the following finding:

> "This is not a life sentence. It's not a *de facto* life sentence either. It's a 50 percent sentence. He was young, the crime was horrific as has been described. The judge did have authority under the law to give an extended term. He did not give the maximum term. I believe it was that he would have an out date when he was more mature. I'm told he will be eligible for that at age 51."

¶ 10    This timely appeal followed.

¶ 11 During the pendency of this appeal, this court granted defendant's motion to cite *People v. Dorsey*, 2016 IL App (1st) 151124-U, leave to appeal allowed, No. 123010 (Mar. 25, 2020), as additional authority for his contention that his sentence was a *de facto* life sentence and violated *Miller*.

¶ 12 We now turn to the merits of this appeal.

¶ 13                                    ANALYSIS

¶ 14 As noted above, defendant contends on appeal that the trial court erred by dismissing his petition where he made a substantial showing of a constitutional violation that his 70-year sentence, imposed for a crime he committed while he was a juvenile, violated the Eighth Amendment to the United States Constitution (U.S. Const., amend. VIII) pursuant to *Miller*. Defendant argues that he is entitled to a new sentencing hearing pursuant to our supreme court's decision in *People v. Buffer*, 2019 IL 122327, which defined any sentence of more than 40 years' imprisonment imposed on a juvenile defendant as a *de facto* life sentence. He asserts that his 70-year sentence, despite being eligible for day-for-day credit, nonetheless qualifies as a *de facto* life sentence. In his subsequent motion to cite additional authority, defendant noted that he had previously cited this court's recent decisions in *People v. Peacock*, 2019 IL App (1st) 170308, and *People v. Thornton*, 2020 IL App (1st) 170677, in support of his arguments. Also in the motion, defendant sought leave cite *Dorsey*, which does not support his arguments, but was decided prior to *Buffer* and has since been granted leave to appeal in our supreme court. Defendant urges us to follow this court's decisions in *Peacock* and *Thornton*.

¶ 15 The State, however, argues that because defendant has the opportunity for release after 35 years, the 70-year sentence is not the equivalent to a *de facto* life sentence.

¶ 16 Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq.* (West 2014)), a defendant can attack a conviction by asserting that it resulted from a substantial denial of his constitutional rights. A postconviction proceeding under the Act is a collateral proceeding rather than an appeal of the underlying

judgment and allows review of constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455-56 (2002). Thus, any issues that were "raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*; issues that could have been raised, but were not, are considered waived." *Pitsonbarger*, 205 Ill. 2d at 456.

¶ 17    The Act contemplates the filing of only one petition without leave of court.  725 ILCS 5/122-1(f) (West 2014); *People v. Ortiz*, 235 Ill.2d 319, 328 (2009). Section 122-1(f) unambiguously requires a defendant to obtain leave of the trial court prior to filing a successive postconviction petition.  *People v. Smith*, 2014 IL 115946, ¶ 33. The trial court may grant leave to file a successive petition only if the petitioner demonstrates cause for the failure to bring the claim in the initial postconviction proceedings and that prejudice results from that failure.  *Id.*  For purposes of the test, "cause" is defined as some objective factor external to the defense that prevented counsel from raising the claim in an earlier proceeding.  *Pitsonbarger*, 205 Ill. 2d at 460.  "Prejudice" is shown where the claimed constitutional error so infected the entire trial that the resulting conviction or sentence violates due process.  *Pitsonbarger*, 205 Ill. 2d at 464.

¶ 18    Our supreme court has stated that the cause and prejudice test for leave to file a successive postconviction petition is a higher standard than the frivolous or patently without merit standard of first stage postconviction proceedings.  *Smith*, 2014 IL 115946, ¶ 35.  Thus, once leave to file a successive petition is granted, the petition advances to the portion of the three-stage process in which the State may seek dismissal of the petition on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition (second stage).  725 ILCS 5/122-1(f) (West 2014); *People v. Bailey*, 2017 IL 121450, ¶ 26.

¶ 19    During second stage proceedings, the court must determine whether the petition and any accompanying documents make a substantial showing of a constitutional violation. *People v. Cotto*, 2016 IL 119006, ¶ 26;

*People v. Edwards*, 197 Ill. 2d 239, 246 (2001). If no such showing is made the petition is dismissed. *Edwards*, 197 Ill. 2d at 246. If, however, a substantial showing of a constitutional violation is shown, the petition advances to the third stage, where the circuit court conducts an evidentiary hearing. 725 ILCS 5/122–6 (West 2014).

¶ 20    Here, defendant's successive postconviction petition was dismissed on the State's motion at the second stage. The second stage of postconviction review tests the legal sufficiency of the petition and is reviewed *de novo*. *People v. Lee*, 2016 IL App (1st) 152425, ¶¶ 46, 50.

¶ 21    Because we find that defendant's contention that our supreme court's holding in *Buffer* applies regardless of whether he is entitled to good time credit is dispositive of this appeal, we will limit our discussion to that issue.

¶ 22    In *Peacock*, the juvenile defendant was sentenced to 80 years' imprisonment. Because the offense was committed in 1995, the defendant was entitled to day-for-day credit against his 80-year sentence. On appeal from the denial of leave to file a successive postconviction petition, a panel of the fourth division of this court held that because the defendant's sentence credit was dependent on his behavior while incarcerated, the defendant's sentence was in actuality 80 years' imprisonment "with the mere possibility of release after 40 years." *Peacock*, 2019 IL App (1st) 170308, ¶ 19. The court held that under the 40-year dividing line established in *Buffer*, the defendant's 80-year sentence was a *de facto* life sentence. *Peacock*, 2019 IL App (1st) 170308, ¶ 17; see *Buffer*, 2019 IL 122327, ¶ 42 (a sentence greater than 40 years constitutes a *de facto* life sentence).

¶ 23    Additionally, this court has recently rejected the State's argument regarding the effect of day-for-day credit on a *de facto* life sentence in *People v. Thornton*, 2020 IL App (1st) 170677. In that case, a juvenile defendant who was sentenced to 70 years' imprisonment for murder filed a petition for postconviction relief, raising sentencing issues under *Miller*, which was summarily dismissed by the trial court. *Thornton*, 2020 IL App (1st) 170677, ¶¶ 10-11. On appeal, defendant argued that his 70-year sentence was a *de facto* life sentence, which triggered *Miller* and required a sentencing court to consider his youth and attendant circumstances in fashioning

a sentence, and the record from his sentencing hearing demonstrated that the court did not consider such factors. *Id*. at ¶ 17.

¶ 24    In rejecting the State's argument, this court acknowledged that *Miller* and its progeny focused on life sentences without the possibility of parole and that the defendant's sentence did include the possibility of release after 35 years served. *Id*. at ¶ 22. However, relying on *Peacock*, we noted that day-for-day credit is not guaranteed, and it is the Illinois Department of Corrections, not the circuit court, that has the ultimate discretion as to whether a defendant will be awarded any credit. *Id*. (citing *Peacock*, 2019 IL App (1st) 170308, ¶ 19).  Additionally, we noted that defendant would not serve a sentence shorter than a 40-year *de facto* life sentence unless he receives a substantial portion of the good conduct credit for which he is eligible. *Id*. at ¶ 22.  We concluded that "the State's assurances are not enough for us to consider the defendant's sentence as anything other than a 70-year term." *Id.* We held that regardless of the defendant's eligibility for day-for-day credit, his extended term of 70 years' imprisonment was a *de facto* life sentence that required a sentencing court to consider his youth and attendant circumstances. *Id.*

¶ 25    The same conclusion is warranted here.

¶ 26    Defendant, who was a 16-year old juvenile at the time he committed the offenses, received a 70-year term of imprisonment, which is a *de facto* life sentence under our supreme court's decision in *Buffer*.  This is true, even though he is eligible for day-for-day credit that would likely reduce his time served to 35 years. Furthermore, the trial court likely relied on *People v. Evans*, 2017 IL App (1st) 143562, a decision of this court that has since been abrogated by *Buffer*, to support its determination that defendant's 70-year sentence with day-for-day credit was not a *de facto* life sentence.  This change in the law for sentencing of juvenile defendants since defendant's sentencing hearing necessitates that defendant receive a new sentencing hearing.

¶ 27    Additionally, we further conclude that the trial court failed to fully consider defendant's youth and its attendant circumstances in imposing the 70-year sentence.

¶ 28    As our supreme court has stated, a juvenile defendant may be sentenced to life or *de facto* life imprisonment, but before doing so, the trial court must consider the defendant's youth and attendant factors as noted in *Miller*. *Buffer*, 2019 IL 122323, ¶ 19. In the case at bar, the record indicates that the trial court focused on the severity of the crime and the age of the victim. The court also mentioned defendant's youth. We find nothing in the record to show that the trial court specifically considered defendant's youth and attendant circumstances before sentencing him to a de *facto* life sentence. Nor does the record show that the trial court considered defendant's rehabilitative potential at all.

¶ 29    Accordingly, we must conclude that defendant's 70-year sentence violates the eighth amendment, and we vacate that sentence as unconstitutional. See *Peacock*, 2019 IL App (1st) 170308, ¶ 24; *Thornton*, 2020 IL App (1st) 170677, ¶ 25. As such, we find that the trial court erred in dismissing defendant's successive postconviction petition on the State's motion.

¶ 30    However, in the interest of judicial economy, we will not remand this case for further proceedings under the Act, but instead use our powers under the Supreme Court Rules to vacate defendant's sentence and remand for resentencing. See Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967); *Buffer*, 2019 IL 122327, ¶ 47.

¶ 31    We therefore remand this matter for a new sentencing hearing, and defendant shall be entitled on remand to be sentenced under the scheme prescribed by section 5-4.5-105 of the Unified Code of Corrections (735 ILCS 5/5-4.5-105 (West 2016)). See *Buffer*, 2019 IL 1122327, ¶ 47; *Thornton*, 2020 IL App (1st) 170677, ¶ 26.

¶ 32                                          CONCLUSION

¶ 33    For the foregoing reasons, we affirm defendant's conviction, we vacate defendant's 70-year sentence, and the cause is remanded for resentencing consistent with this decision.

¶ 34    Affirmed; sentence vacated and cause remanded for resentencing with directions.