2021 IL App (2d) 190649
No. 2-19-0649
Opinion filed May 3, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 91-CF-1904 |
| | ) | |
| ELOY SIMENTAL, | ) | Honorable |
| | ) | Salvatore LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Eloy Simental, appeals from the judgment of the circuit court of Kane County denying his motion for leave to file a successive postconviction petition alleging that his 60-year prison sentence, imposed for an offense committed when he was a juvenile, was an unconstitutional *de facto* life sentence because the trial court sentenced defendant without first considering his youth and its attendant characteristics. The court denied defendant's motion for leave to file the petition, finding that defendant failed to establish the requisite prejudice, because the 60-year sentence was not a *de facto* life sentence since defendant was eligible for day-for-day good-time credit. For the reasons that follow, we reverse and remand for a new sentencing hearing.

¶ 2                                    I. BACKGROUND

¶ 3    Following a jury trial, defendant was convicted under an accountability theory of first-degree murder (Ill. Rev. Stat. 1991, ch. 38, ¶ 9-1(a)(1)) in the 1991 shooting death of Cesar Montalvo, a high-ranking member of the Latin Kings street gang. On the date of the offense, defendant was 16 years old. On October 16, 1992, the trial court sentenced defendant to 60 years in prison. In imposing sentence, the court made a few references to defendant's age, noting that it must take defendant's age into account. It stated that defendant did not have a bad record "for a fellow your age" but that it would hold prior offenses involving weapons against "somebody your age." In sentencing defendant to 60 years, the court stated, "as a result of your age, I'm not gonna extend this, but I am giving you as much as I can on the normal term." The law in effect at the time of defendant's offense allowed for day-for-day credit against every sentence except a natural life sentence. See 730 ILCS 5/3-6-3(a)(2) (West 1992).

¶ 4    On direct appeal, defendant raised four issues, including whether his sentence was excessive. He argued that the trial court did not give adequate weight to his lack of a prior criminal record or his rehabilitative potential. We affirmed. See *People v. Simental*, No. 2-92-1349 (1994) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5    Thereafter, in 1995, defendant filed a postconviction petition raising 12 claims of error, none of which related to his sentence. The trial court denied the petition following an evidentiary hearing, and we affirmed. *People v. Simental*, No. 2-97-0510 (1999) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6    Defendant filed another postconviction petition in 1999. The trial court denied the petition, finding that it lacked jurisdiction due to the pendency of defendant's appeal from the denial of his first petition. Defendant filed a notice of appeal from the denial of the 1999 petition, but he then

withdrew it. Defendant next filed, in 2004, a motion for leave to file a successive postconviction petition, which was denied. No appeal was taken.

¶ 7    On May 20, 2019, defendant filed a motion for leave to file a successive postconviction petition. In that motion, defendant alleged that his sentence violated the eighth amendment to the United States Constitution (U.S. Const., amend. VIII). He alleged that he had cause for failing to raise the issue in his initial petition, because it was not until *People v. Buffer*, 2019 IL 122327, that our supreme court held that a sentence greater than 40 years was a *de facto* life sentence, such that it could not be imposed upon a juvenile without first considering the offender's youth and its attendant characteristics. Defendant alleged that he was prejudiced in that he was 16 at the time of the offense, his 60-year sentence was a *de facto* life sentence, and the trial court imposed the sentence without first considering defendant's youth and its attendant characteristics. Defendant included with his motion his proposed successive petition, arguing that his sentence was unconstitutional. He asked that his sentence be vacated, that counsel be appointed to represent him, and that he be resentenced to a term of 40 years or less.

¶ 8    On June 28, 2019, in a written order, the trial court denied defendant's motion for leave to file his successive petition. Although the court agreed that defendant established cause for failing to raise his constitutional claim in his initial petition, the court found that defendant failed to establish prejudice. According to the court, because defendant was eligible for day-for-day credit at the time of sentencing, his 60-year sentence was, in effect, a 30-year sentence, which was below the 40-year limit established by our supreme court in *Buffer*. Thus, the court concluded that, because defendant was not serving a *de facto* life sentence, he cannot establish an eighth amendment violation.

¶ 9    This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant contends that he alleged sufficient cause and prejudice to file his successive petition. There is no dispute that defendant established the requisite cause. The issue here is whether defendant established the requisite prejudice. Defendant argues that he established prejudice because his 60-year sentence, which was imposed for an offense committed when he was 16 years old, was a *de facto* life sentence that was imposed without proper consideration of his youth and its attendant characteristics, in violation of both the United States and Illinois Constitutions. Defendant argues that the trial court erred in concluding that, because defendant was eligible for day-for-day credit, his sentence was not a *de facto* life sentence. The State responds that defendant cannot establish prejudice, because, taking into consideration applicable day-for-day sentencing credit, defendant was eligible for release in less than 40 years and thus did not receive a *de facto* life sentence. The State further argues that defendant's sentence was not a *de facto* life sentence, because he has since been released from prison after serving less than 30 years.[1]

---

[1] According to the Department of Corrections (DOC) website, defendant is currently on parole, effective November 13, 2020, with a projected discharge date of November 13, 2023. See *Internet Inmate Status*, Ill. Dep't of Corr., https://www.idoc.state.il.us/subsections/search/inms _print.asp?idoc=B37741 (last visited Apr. 19, 2021) [https://perma.cc/UN2G-DB9B]. We may take judicial notice of the contents of the DOC website. See *People v. Young*, 355 Ill. App. 3d 317, 321 n.1 (2005).

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2018)) offers a procedural device by which a criminal defendant may assert that his conviction was based on a substantial denial of his rights under the federal or state constitutions or both. Proceedings on a postconviction petition are collateral to proceedings in a direct appeal and focus on constitutional claims that have not and could not have been previously adjudicated. *Buffer*, 2019 IL 122327, ¶ 12. The Act contemplates the filing of a single petition. 725 ILCS 5/122-3 (West 2018). However, section 122-1(f) of the Act provides an exception to this rule, permitting a successive petition if the defendant first obtains permission from the court after demonstrating both cause for failing to bring the claim in his initial postconviction proceeding and resulting prejudice. *Id.* § 122-1(f). To establish cause, a defendant must show some objective factor external to the defense that impeded his ability to raise the claim in the initial postconviction proceeding. *Id.* § 122-1(f)(1); *People v. Holman*, 2017 IL 120655, ¶ 26. To establish prejudice, a defendant must show that the claimed constitutional error so infected the proceeding that the result violated due process. 725 ILCS 5/122-1(f)(2) (West 2018); *Holman*, 2017 IL 120655, ¶ 26. The court should deny the motion for leave to file a successive petition only when it is clear from a review of the proposed petition and supporting documents that the defendant's claim fails as a matter of law or where those submissions are insufficient to justify further proceedings. *People v. Bailey*, 2017 IL 121450, ¶ 21. We review *de novo* the denial of leave to file a successive petition. *Id.* ¶ 13.

¶ 13    The eighth amendment to the United States Constitution prohibits, *inter alia*, "cruel and unusual punishments" (U.S. Const., amend. VIII) and applies to the states through the fourteenth amendment (U.S. Const., amend. XIV). *Buffer*, 2019 IL 122327, ¶ 15. In *Miller v. Alabama*, 567 U.S. 460, 479 (2012), the United States Supreme Court held that the eighth amendment "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile

offenders." The Court made clear that its holding was not a categorical ban on life-without-parole sentences for juveniles. *Id.* Rather, it required that, in imposing such a sentence, the trial court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480.

¶ 14    The Supreme Court subsequently held that *Miller* applied retroactively to cases on collateral review. *Montgomery v. Louisiana*, 577 U.S. ___, ___, 136 S. Ct. 718, 736 (2016); see also *People v. Davis*, 2014 IL 115595. The Illinois Supreme Court has since held that *Miller* applies to discretionary sentences of life without parole (*Holman*, 2017 IL 120655, ¶ 40) and to *de facto* life sentences, *i.e.*, "[a] mandatory term-of-years sentence that cannot be served in one lifetime" (*People v. Reyes*, 2016 IL 119271, ¶ 9).

¶ 15    Recently, in *Buffer*, 2019 IL 122327, our supreme court considered whether the defendant's 50-year prison sentence, imposed for a crime he committed when he was 16 years old, violated the eighth amendment. After reviewing *Miller* and its progeny, the court stated that, to prevail on his claim, the defendant "must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Id.* ¶ 27. On the issue of whether the defendant showed that he was subject to a *de facto* life sentence, the court concluded that "a prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence in violation of the eight amendment." *Id.* ¶ 41. It specifically noted that such a sentence "provides ' "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." ' " *Id.* (quoting *Miller*, 567 U.S. at 479, quoting *Graham v. Florida*, 560 U.S. 48, 75 (2010)). Thus, the supreme court concluded that, because the defendant was sentenced to 50

years' imprisonment without the trial court first considering the defendant's youth and its attendant characteristics, the sentence violated the eighth amendment. *Id.* ¶ 42.

¶ 16    Under *Buffer*, defendant's 60-year sentence, imposed for an offense committed when he was 16 years old, is a *de facto* life sentence. Contrary to the State's argument, the fact that defendant was eligible for day-for-day credit does not remove his sentence from a *Buffer* analysis. In several recent cases, the First District has held that statutory sentencing credit is irrelevant to determining whether a prison sentence constitutes a *de facto* life sentence. See *People v. Hill*, 2020 IL App (1st) 171739; *People v. Daniel*, 2020 IL App (1st) 172267; *People v. Thornton*, 2020 IL App (1st) 170677; *People v. Peacock*, 2019 IL App (1st) 170308.

¶ 17    In *Peacock*, the juvenile defendant was sentenced to 80 years' imprisonment and, because the offense occurred in 1995, was eligible for day-for-day credit. *Peacock*, 2019 IL App (1st) 170308, ¶ 3. The court held that the defendant's 80-year sentence was a *de facto* life sentence, even though the defendant was eligible for day-for-day credit and thus might be eligible for release after 40 years. *Id.* ¶¶ 17-18. The court explained its conclusion as follows:

> "Defendant was not sentenced to 40 years' imprisonment but was instead sentenced to 80 years' imprisonment with the mere possibility of release after 40 years. Moreover, to serve a sentence of 40 years, he must receive every single day of good conduct credit for which he could be eligible. Defendant's receipt of day-for-day credit is not guaranteed. [Citations.] The [DOC] 'has the right to revoke good-conduct credits for disciplinary infractions, [and] an inmate's right to receive the credits is contingent upon his good behavior while in prison.' [Citations.] The [DOC] 'ultimately has discretion as to whether defendant will be awarded any credit,' and the trial court has no control over the manner in which a defendant's good conduct credit is earned or lost. [Citation.] Accordingly, we

conclude that defendant's 80-year sentence, for which he may receive day-for-day credit, constitutes a *de facto* life sentence." *Id.* ¶ 19.

¶ 18 Relying on *Peacock*, the First District in both *Thornton* and *Daniel* held that the defendants' 70-year sentences were *de facto* life sentences despite the defendants' eligibility for day-for-day good-time credit, which would likely reduce their sentences to 35 years. *Thornton*, 2020 IL App (1st) 170677, ¶¶ 18-22; *Daniel*, 2020 IL App (1st) 172267, ¶ 26. In each case, the court emphasized that day-for-day credit was not guaranteed and that it was the DOC, not the trial court, that had the ultimate discretion as to whether the defendant will receive credit. *Thornton*, 2020 IL App (1st) 170677, ¶ 22; *Daniel*, 2020 IL App (1st) 172267, ¶ 24.

¶ 19 Most recently, in *Hill*, the First District reaffirmed its holdings in *Peacock*, *Thornton*, and *Daniel*, concurring with the reasoning expressed in *Peacock* that day-for-day credit is not guaranteed. *Hill*, 2020 IL App (1st) 171739, ¶¶ 34, 37. The *Hill* court added to *Peacock*'s reasoning, noting that "[t]he language in *Buffer* focuses on the sentence 'imposed' not the sentence served." *Id.* ¶ 37. In addition, the *Hill* court reviewed in detail the DOC's regulations governing the revocation of sentencing credit, which, it noted, were promulgated at the express instruction of the General Assembly. *Id.* ¶¶ 38-40. The *Hill* court stated that its review confirmed *Peacock*'s rationale that the trial court has no control over a defendant's good-time credit, noting that "[s]tatutory day-for-day credit provides nothing more than a baseline, and the baseline can be altered by the General Assembly's express grant of discretionary authority to the [DOC]." *Id.* ¶ 41.

¶ 20 The State argues that we should decline to follow *Peacock* and *Thornton* (neither party cites *Daniel* or *Hill*), because those cases "neglect the core premise of *Miller* and its progeny," *i.e.*, "the concern that a life sentence without parole for a juvenile offender provides the juvenile with no opportunity for release." The State asks us to hold that a sentence under which a defendant has

a meaningful opportunity for release in 40 years or less is not a *de facto* life sentence. The State made the same argument in *Thornton*, asserting that, because the defendant had a meaningful opportunity for release after serving only 35 years, his 70-year sentence did not fall within the scope of *Miller*, which focused on life sentences without the possibility of parole. See *Thornton*, 2020 IL App (1st) 170677, ¶ 21. The *Thornton* court rejected the State's argument, refusing to consider the defendant's sentence as anything other than a 70-year term and noting, as it did in *Peacock*, that day-for-day credit is not guaranteed and is left to the discretion of the DOC. *Id.* ¶ 22. We agree with the reasoning of *Thornton* and *Peacock*, as well as the more recent cases of *Daniel* and *Hill*.

¶ 21    Also, the fact that defendant is currently on parole does not warrant a different conclusion. To be sure, here, as the State notes, unlike in *Thornton* and *Peacock*, any uncertainty as to whether defendant will be awarded the day-to-day credit has been removed, as defendant has been released from prison on parole and presumably has received all day-for-day credit available to him. However, defendant's sentence has not yet been discharged. As defendant points out, " '[a] person on parole remains subject to the sentence of commitment to the [DOC] for the period of time specified by the court.' " *People v. McChriston*, 2014 IL 115310, ¶ 14 (quoting *People v. Williams*, 66 Ill. 2d 179, 187 (1977)). Thus, until discharged, defendant remains subject to the remainder of the 60-year sentence imposed by the trial court, a sentence well over the 40-year benchmark set in *Buffer*.

¶ 22    Because defendant was sentenced to a *de facto* life sentence, the trial court, in imposing sentence, was required to first consider defendant's youth and its attendant characteristics. See *Holman*, 2017 IL 120655, ¶ 46 (articulating the factors that the court must consider when imposing a *de facto* life sentence on a juvenile defendant); *Thornton*, 2020 IL App (1st) 170677, ¶ 24;

*Peacock*, 2019 IL App (1st) 170308, ¶ 22. The record makes clear that the trial court failed to do so, noting defendant's age only in passing a few times. See *Peacock*, 2019 IL App (1st) 170308, ¶ 24 ("the court's mere awareness of a defendant's age *** does not provide evidence that the circuit court specifically considered defendant's youth and its attendant characteristics"). Accordingly, we hold that defendant's sentence violates the eighth amendment.

¶ 23    Based on the foregoing, we agree with defendant that the proper remedy is to remand this matter for a new sentencing hearing rather than for further postconviction proceedings. See *Buffer*, 2019 IL 122327, ¶ 47; *Daniel*, 2020 IL App (1st) 172267, ¶¶ 30-31; *Thornton*, 2020 IL App (1st) 170677, ¶ 26; *Peacock*, 2019 IL App (1st) 170308, ¶ 25.

¶ 24                              III. CONCLUSION

¶ 25    For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand for further proceedings consistent with this order.

¶ 26    Reversed and remanded.

---

**No. 2-19-0649**

---

| | |
|---|---|
| **Cite as:** | *People v. Simental*, 2021 IL App (2d) 190649 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 91-CF-1904; the Hon. Salvatore LoPiccolo Jr., Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Erin S. Johnson, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Steven A. Rodgers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---