2020 IL App (1st) 170532

SIXTH DIVISION
September 25, 2020

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 98 CR 11748 (01) |
| | ) | |
| SAMUEL QUEZADA, | ) | |
| | ) | Honorable Paula M. Daleo |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE GRIFFIN delivered the judgment of the court, with opinion.
Justices Pierce and Walker concurred in the judgment and opinion.

**OPINION**

¶ 2      This appeal concerns the application of our supreme court's decision in *People v. Buffer*, in which the court held that, under most circumstances, a prison sentence of more than 40 years imposed on a juvenile offender constitutes a *de facto* life sentence in violation of the eighth amendment. *People v. Buffer*, 2019 IL 122327, ¶¶ 41-42. The defendant in this case was a minor at the time he committed the offense at issue here and he was sentenced to 68 years in prison. However, defendant's sentence is such that he is set to receive day-for-day credit, meaning that he is scheduled to only serve 50% of his sentence, or 34 years, in prison.

¶ 3      The State argues that, because defendant will receive day-for-day credit, his sentence does not run afoul of *Buffer*, and it urges us to affirm his sentence. We reject the State's

argument. We find that defendant's sentence is at odds with the letter and spirit of *Buffer*, so we vacate his sentence and remand the case for a new sentencing hearing.

¶ 4                                    I. BACKGROUND

¶ 5      Defendant Samuel Quezada was the shooter in a drive-by shooting that killed Robert Delosantos and injured Edward Puente. The shooting was gang related. Defendant was 15 years old when he committed the crimes. Defendant pled guilty to one count of first-degree murder and one count of attempted murder. He was sentenced to 50 years in prison for the murder and 18 years in prison for the attempted murder, with the sentences to run consecutively. The trial court noted in sentencing defendant that his sentence was to be served with day-for-day credit.

¶ 6      In November 2016, defendant filed a postconviction petition. In his petition, defendant argued that his 68-year sentence constituted a *de facto* life sentence that was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The circuit court summarily dismissed his petition.

¶ 7      Defendant appealed the summary dismissal of his postconviction petition. Initially, the Office of the State Appellate Defender moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), finding that the contentions in defendant's appeal lacked merit. We granted counsel's motion to withdraw, and we affirmed the circuit court's judgment dismissing defendant's postconviction petition.

¶ 8      Defendant filed a petition for rehearing. Just around the time that counsel had filed its motion to withdraw under *Finley*, our supreme court announced its decision in *People v. Buffer*, 2019 IL 122327. In *Buffer*, the supreme court held that, under most circumstances, a prison sentence of more than 40 years imposed on a juvenile offender constitutes a *de facto* life sentence in violation of the eighth amendment. *Buffer*, 2019 IL 122327, ¶¶ 41-42.

¶ 9     We granted defendant's petition for rehearing. In our order granting rehearing, we vacated the order granting counsel's motion to withdraw under *Finley*, and we directed defendant to address the issues in this case insofar as they were affected by the supreme court's intervening judgment in *Buffer*. The parties briefed the issues, and their contentions are now before us for determination.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant raised the issue of the constitutionality of his sentence in a postconviction petition. The trial court dismissed the petition at the first stage, albeit before our supreme court decided *Buffer*. The Post-Conviction Hearing Act (725 ILCS 5/122–1 *et seq*.) provides a process by which a criminal defendant may challenge his or her conviction by filing a petition in the circuit court. 725 ILCS 5/122–1 (West 2018). The Act provides for a three-stage process for adjudicating postconviction petitions. *People v. Harris,* 224 Ill. 2d 115, 125 (2007). At the first stage, the court independently assesses the merit of the petition. 725 ILCS 5/122–2.1 (West 2012). If the court finds the petition to be "frivolous" or "patently without merit," the court shall dismiss the petition. 725 ILCS 5/122.1(a)(2) (West 2012). A postconviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the "gist" of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). We review the dismissal of a postconviction petition at the first stage *de novo*. *People v. Boyd*, 347 Ill. App. 3d 321, 327 (2004).

¶ 12    Defendant's position is that his 68-year sentence is unconstitutional under *People v. Buffer*, 2019 IL 122327. In *Buffer*, the Illinois Supreme Court held that, under most circumstances, prison sentences imposed on defendants for crimes committed as juveniles that are for a period longer than 40 years are unconstitutional. *Buffer*, 2019 IL 122327, ¶¶ 41-42. In

response to defendant's argument, the State argues that defendant's sentence does not exceed the bounds set forth in *Buffer* because defendant is entitled to receive day-for-day credit on his sentence. Thus, the State contends, defendant's sentence really only imposes 34 years in prison because defendant is only required to serve out 50% of his 68-year sentence when his day-for-day credit is considered.

¶ 13    We considered the same arguments raised by the parties here in *People v. Peacock*, 2019 IL App (1st) 170308, ¶¶ 3-4. In *Peacock*, we held that an 80-year sentence that included day-for-day credit was a *de facto* life sentence that could not stand in light of *Buffer*. *Peacock*, 2019 IL App (1st) 170308, ¶ 19 (pet. for leave to appeal pending, No. 125340 (filed Oct. 4, 2019)). The parties in this case acknowledge the applicability of *Peacock*: defendant urges us to follow it; and the State argues that it was wrongly decided.

¶ 14    We decline to depart from our holding in *Peacock*. We agree with the rationale expressed in our opinion in that case that we should not consider day-for-day credit in determining whether a sentence is a *de facto* life sentence because day-for-day credit is a function of the Illinois Department of Corrections, not the judiciary. *Id*. As defendant states in his brief, "[b]ecause the application of day-for-day credit is dependent on [the] IDOC and not the actions of the trial court, any consideration of whether Quezada's sentence constitutes a de facto life sentence should be based on the sentence actually imposed by the trial court, and not the number of years he might serve if he is awarded all potential credit."

¶ 15    The State argues that *Peacock* was wrongly decided because it overlooked the fact that *Miller* and the cases applying its precepts are concerned only with sentences that constitute life imprisonment without the possibility of parole. The State points out that *Miller* and *Buffer* prohibit life imprisonment (or its functional equivalent) without providing the offender a

meaningful opportunity at rehabilitation. The State contends that the opportunity to receive day-for-day credit is just the type of opportunity for the offender to demonstrate rehabilitation that *Miller* and *Buffer* contemplated. The State further contends that the "opportunity for release" from prison contemplated by the availability of day-for-day credit is consistent with our supreme court's decision in *Buffer* and with the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

¶ 16     The State's argument is well reasoned. However, the fact stands that the judicially imposed sentence in this case is 68 years. The *possibility* that defendant will serve only 34 of those 68 years in prison is beyond the control of the judiciary and is instead within the sole discretion of the Illinois Department of Corrections. See *People v. Castano*, 392 Ill. App. 3d 956, 959-60 (2009).

¶ 17     Were we to adopt the State's argument, we would be leaving it up to the IDOC as to whether defendant serves an unconstitutional *de facto* life sentence. As we recognized in *Castano*, "the trial court does not control the manner in which good-conduct credit is earned and lost by a prisoner." *Id*. at 960. The Unified Code of Corrections (730 ILCS 5/1-1-1 *et seq.*) tasks the Illinois Department of Corrections, not the trial court, with prescribing the rules and regulations for awarding and revoking sentencing credit. 730 ILCS 5/3-6-3 (West 2018). The Director of the Department of Corrections has the "sole discretion" to determine whether an inmate receives sentencing credit and in what amount. *Lee v. Godinez*, 2014 IL App (3d) 130677, ¶ 9. As such, we conclude, like we did in *Peacock*, that the judicially imposed sentence cannot exceed the bounds of *Buffer*, irrespective of the availability of sentencing credit. With this result, we take the matter out of the hands of the IDOC and ensure that the defendant does not serve a sentence that is incompatible with our supreme court's pronouncements in *Buffer*.

¶ 18     In the State's brief, it repeatedly states that defendant is "expected to serve" only 34 years, so he has not been issued a *de facto* life sentence. That language is demonstrative of the problem with allowing a defendant to have a prison sentence in which he is at the mercy of the Department of Corrections in regard to whether he serves an unconstitutional *de facto* life sentence. We decline to let an otherwise unconstitutional sentence stand based on an *expectation* that the defendant will be released sooner. There are no serious ramifications in applying *Peacock*. All that its holding demands is that the trial court resentence the defendant in a manner that complies with *Buffer* and does not rely on the IDOC's discretion in order to avoid a conflict with the supreme court's judgment.

¶ 19     Another issue presented on appeal is that, even under *Buffer*, *de facto* life sentences for juveniles can stand in those situations where the sentencing court adequately considers the offender's youth and makes a finding that the offender's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility for rehabilitation. *People v. Jackson*, 2020 IL App (1st) 143025-B, ¶ 49. Thus, we must determine whether defendant's sentence can stand regardless of the fact that it meets the definition of a *de facto* life sentence under *Buffer*.

¶ 20     A review of the record demonstrates that the sentencing court did not sufficiently consider defendant's youth or make the other irreparability finding that would allow for defendant to be permissibly subject to a *de facto* life sentence. In sentencing defendant, the court certainly took note that defendant was "young" when he committed the offense, but the court did not thoroughly look at defendant's youth in a way that would be tantamount to a consideration of the factors set forth in *Miller*. See *People v. Holman*, 2017 IL 120655, ¶ 47. Similarly, while the court certainly took note of the senselessness of the killing and noted that defendant's conduct

was "outrageous, murderous, and cannot be tolerated in \*\*\* any civil society," the sentencing court did not necessarily find that defendant exhibited "irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation." *Id*. at ¶ 46. Accordingly, we find that defendant's *de facto* life sentence, as defined in *Buffer*, cannot stand based upon the considerations of his original sentencing hearing.

¶ 21    Because we find that defendant's sentence constitutes a *de facto* life sentence under *Buffer* and cannot stand based on the considerations in his original sentencing hearing, we do not address his arguments under the proportionate penalties clause of the Illinois Constitution (Ill. Const. (1970) art. 1, § 11).

¶ 22                                   III. CONCLUSION

¶ 23    The proper remedy under the circumstances presented in this case is to vacate the defendant's sentence and remand the case for a new sentencing hearing. See *Peacock*, 2019 IL App (1st) 170308, ¶ 25. Accordingly, we vacate defendant's sentence, and we remand the case to the circuit court for the purpose of resentencing.

¶ 24    Sentence vacated. Cause remanded.