2021 IL App (1st) 191247-U
No. 1-19-1247
Order filed March 31, 2021

FOURTH DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 94 CR 28535 03 |
| JUAN MENESES, | ) ) | The Honorable William Raines, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices Reyes and Martin concurred in the judgment.

**ORDER**

¶ 1    HELD: Defendant, who was 16 years old at the time of the offense, has established cause and prejudice to file a successive postconviction petition seeking a resentencing pursuant to the principles established in *Miller v. Alabama*, 567 U.S. 460 (2012). Pursuant to *People v. Buffer*, 2019 IL 122327, we remand for resentencing.

¶ 2        Defendant Juan Meneses, age 16 at the time of the offense, appeals from the trial court's denial of leave to file a successive *pro se* petition for postconviction relief.

¶ 3        The 16-year-old defendant was convicted after a jury trial of first degree murder and two counts of attempted murder and sentenced in 1997 to a total of 60 years with the Illinois Department of Corrections.

¶ 4        In his petition, defendant seeks a resentencing pursuant to *Miller v. Alabama*, 567 U.S. 460, 477 (2012), the case which articulated the factors a trial court must consider before sentencing a juvenile offender such as defendant to life in prison. On appeal, the State concedes that defendant established cause for not raising his claim earlier but argues that defendant failed to demonstrate prejudice. The State makes one argument concerning prejudice: that defendant's sentence is not a *de facto* life sentence as, at the time defendant was sentenced, he was eligible for day-for-day sentencing credit. See 730 ILCS 5/3-6-3(a)(2) (West 1994).

¶ 5        The State acknowledges that this court has rejected its argument numerous occasions in multiple published opinions, and that our supreme court is expected to decide this issue shortly in a case that is pending before it. *People v. Dorsey*, 2016 IL App (1st) 151124-U, *petition for leave to appeal allowed*, No. 123010 (2020). The list of multiple published opinions includes: *People v.*

*Peacock*, 2019 IL App (1st) 170308, ¶ 19, *People v Thornton*, 2020 IL App (1st) 170677, ¶ 22; *People v. Figueroa*, 2020 IL App (1st) 172390, ¶¶ 27-35; *People v. Daniel*, 2020 IL App (1st) 172267, ¶¶ 21-26; *People v. Quezada*, 2020 IL App (1st) 170532, ¶¶ 12-18; *People v. Hill*, 2020 IL App (1st) 171739, ¶¶ 34-41. We decline the State's request to find these appellate cases wrongly decided.

¶ 6        The State "agree[s]" that, if we reject its argument, then "this Court need not remand for further postconviction proceedings, but should remand for resentencing consistent with *Miller* and its progeny."  As explained below, pursuant to *People v. Buffer*, 2019 IL 122327, we vacate defendant's sentence and remand for resentencing.

¶ 7                          BACKGROUND

¶ 8        Since the parties raise no issues concerning the facts established at trial or at sentencing, we summarize them below.

¶ 9        The evidence at trial established that on November 8, 1994, defendant and two fellow members of the Latin Kings confronted three members of the La Raza, a rival street gang, in an alley on the southwest side of Chicago.  During the confrontation, defendant shot and killed Hiram Martinez, one of the three La Raza members.  At trial, defendant testified that, when he observed one of the three La Raza members pull a handgun from his waist, defendant pulled out

his weapon and started firing while backing up. A forensic scientist testified that the hands of one of the La Raza members tested positive for gunshot residue. The jury found defendant guilty of Martinez's murder and the attempted murder of the other two La Raza members.

¶ 10    At sentencing, the trial court stated that it considered defendant's age, family background, and prior criminal history, including a prior armed robbery. Although the court stated, after it announced defendant's sentence, that it had also considered defendant's rehabilitative potential, it did not find that defendant was incorrigible or without rehabilitative potential. The trial court imposed a 60-year sentence for the murder, to run concurrently with two concurrent 30-year sentences for the attempted murders. Defendant's conviction was affirmed on direct appeal. *People v. Meneses*, No. 1-97-3761 (Aug. 11, 1999) (unpublished pursuant to Supreme Court Rule 23). Defendant's first postconviction petition was dismissed at the first stage, and its dismissal was affirmed on appeal. *People v. Meneses*, No. 1-00-3761 (Aug. 27, 2007) (unpublished pursuant to Supreme Court Rule 23).

¶ 11                                    ANALYSIS

¶ 12    In the case at bar, the trial court denied defendant leave to file a successive *pro se* postconviction petition. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a statutory remedy for

4

criminal defendants who claim their constitutional rights were violated at trial. *People v. Edwards*, 2012 IL 111711, ¶ 21.

¶ 13    Although our supreme court has made clear that the Act contemplates only one postconviction proceeding, "[n]evertheless, [the supreme] court has, in its case law, provided two bases upon which the bar against successive proceedings will be relaxed" (*Edwards*, 2012 IL 111711, ¶ 22). The two bases are (1) cause and prejudice and (2) actual innocence. *Edwards*, 2012 IL 111711, ¶ 22.   In the instant case, defendant alleges cause and prejudice.

¶ 14    At this early stage, when a defendant is seeking leave to file a successive postconviction petition, he simply has to make "a *prima facie* showing of cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24.   To determine whether a defendant has made a *prima facie* showing, we apply a *de novo* standard of review. *Bailey*, 2017 IL 121450, ¶ 13. *De novo* consideration means that a reviewing court performs the same analysis that a trial judge would perform. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41.

¶ 15    Under the cause-and-prejudice test, a defendant must establish both (1) cause for his or her failure to raise the claim earlier and (2) prejudice stemming from his or her failure to do so. *Edwards*, 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)).   The State concedes that defendant has established the first prong. The State's brief to this court states

that defendant claims, "and the People agree, that he established 'cause' because he could not bring his claim until after the United States Supreme Court made *Miller v. Alabama*, 567 U.S. 460 (2012), which held that the Eighth Amendment prohibits mandatory sentencing of life in prison for juvenile homicide offenders like him, retroactive on collateral review in *Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016)." Defendant was sentenced in 1997, over a decade before either *Miller* or *Montgomery* were decided. Thus, as the State concedes, defendant has established cause.

¶ 16    With respect to prejudice, the State argues only that defendant's 60-year sentence was not a *de facto* life sentence because he was eligible for day-for-day good-time credit. The State acknowledges that this court has repeatedly rejected this argument. *Peacock*, 2019 IL App (1st) 170308, ¶ 19, *Thornton*, 2020 IL App (1st) 170677, ¶ 22; *Figueroa*, 2020 IL App (1st) 172390, ¶¶ 27-35; *Daniel*, 2020 IL App (1st) 172267, ¶¶ 21-26; *Quezada*, 2020 IL App (1st) 170532, ¶¶ 12-18; *Hill*, 2020 IL App (1st) 171739, ¶¶ 34-41. This court has written on this issue numerous times before and we adopt here what we have said before, without repeating it. Also, this issue is pending before our supreme court. *Dorsey*, 2016 IL App (1st) 151124-U, *petition for leave to appeal allowed*, No. 123010 (2020). Thus, we adhere to our precedent until, and unless, our supreme court directs otherwise.

¶ 17        In addition, the State attaches a sheet to the appendix of its brief that purports to set forth defendant's expected release date.  If the State believed there was a need to supplement the record on appeal, it should have moved to do so. An appendix should be limited to documents already in the record; and placing documents in a brief's appendix does not make them part of the appellate record.  See *People v. Carter*, 2019 IL App (1st) 170803, ¶ 44 (" '[t]he inclusion of evidence in an appendix is an improper supplementation of the record with information *dehors* the record' " (quoting *People v. Wright*, 2013 IL App (1st) 103232, ¶ 38));   Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) (an appendix may include "materials from the record that are the basis of the appeal or pertinent to it"). "[I]f the materials are not taken from the record, they may not generally be placed before the appellate court in an appendix and will be disregarded."  *Oruta v. B.E.W.*, 2016 IL App (1st) 152735, ¶ 32. "This is particularly true" when "the document that is affixed to the appendix is an essential component" needed "to evaluate the specific argument raised" by the party "on appeal." *Carter*, 2019 IL App (1st) 170803, ¶ 44.

¶ 18        Rejecting the State's argument as our precedent requires, we find that this 16-year-old defendant's 60-year sentence is a *de facto* life sentence pursuant to *People v. Buffer*, 2019 IL 122327, ¶¶ 41-42 (a prison sentence of more than 40 years imposed on a juvenile offender constitutes a *de facto* life sentence).

Having made that finding, we look to *Buffer* for further direction. In *Buffer*, as in our case, the defendant raised a *Miller* challenge to his sentence in a postconviction petition, claiming that his sentence was a *de facto* life sentence. *Buffer*, 2019 IL 122327, ¶ 7. The *Buffer* court found that, "to prevail on a claim based on *Miller* and its progeny, a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *Buffer*, 2019 IL 122327, ¶ 27. As discussed above, we found defendant established the first prong of this test.

¶ 19     With respect to the second prong, the *Buffer* court found that the trial court had not "considered defendant's youth and its attendant characteristics" and remanded directly for a resentencing. *Buffer*, 2019 IL 122327, ¶¶ 46-47 (remanded for resentencing "in the interests of judicial economy"). In the case at bar, the State does not argue that the sentencing court "considered defendant's youth and its attendant characteristics" (*Buffer*, 2019 IL 122327, ¶ 46), and so we too remand directly for resentencing.

¶ 20     As in *Buffer*, we vacate defendant's sentence and remand for a new sentencing hearing, in accord with the new statutory scheme. Our supreme court found that "defendant is entitled on remand to be sentenced under the

scheme prescribed by section 5-4.5-105 of the United Code of Corrections." *Buffer*, 2019 IL 122327, ¶ 47 (referring to 730 ILCS 5/5-4.5-105 (West 2016)).

¶ 21    On remand, the sentencing court may impose a *de facto* life sentence " 'only if the trial court determines that the defendant's conduct showed irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation.' " *People v. Lusby*, 2020 IL 124046, ¶ 34 (quoting *People v. Holman*, 2017 IL 120655, ¶ 46). The trial court may make an appropriate sentencing decision " 'only after considering the defendant's youth and its attendant characteristics.' " *Lusby*, 2020 IL 124046, ¶ 34 (quoting *Holman*, 2017 IL 120655, ¶ 46). The factors which it must consider are now codified in our statutes. 730 ILCS 5/5-4.5-105 (West 2016). Under the new scheme, firearm enhancements are no longer mandatory. 730 ILCS 5/5-4.5-105(b) (West 2016) (the sentencing court "may, in its discretion, decline to impose any otherwise applicable sentencing enhancement based upon firearm possession").

¶ 22                                CONCLUSION

¶ 23    For the foregoing reasons, we vacate defendant's sentence and reverse and remand for a new sentencing hearing, with directions.

¶ 24    Sentence vacated; remanded for resentencing, with directions.