2022 IL App (1st) 191247-B
No. 1-19-1247
Opinion filed February 2, 2022

THIRD DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 94 CR 28535 03 |
| JUAN MENESES, | ) ) | The Honorable William Raines, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Reyes and Martin concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant Juan Meneses, age 16 at the time of the offense, appeals from the trial court's order denying him leave to file a successive *pro se* postconviction petition.

¶ 2        The 16-year-old defendant was convicted after a jury trial of first degree murder and two counts of attempted murder. He was sentenced in 1997 to a total of 60 years with the Illinois Department of Corrections (IDOC).

¶ 3        In a prior unpublished order, this court granted defendant a new sentencing hearing under the eighth amendment. *People v. Meneses*, 2021 IL App (1st) 191247-U. However, the

supreme court directed us in a supervisory order to vacate that order and consider whether its decision in *People v. Dorsey*, 2021 IL 123010, required a different result. We considered the *Dorsey* case and find, for the reasons explained below, that we must, instead, reverse and remand for further postconviction proceedings under the proportionate penalties clause.

¶ 4     On this appeal, defendant claims that his 60-year sentence is disproportionate, where he was only 16 years old at the time of the offense, where the trial court did not find that he was beyond rehabilitation, and where the trial court stressed the deterrent value of a long sentence although courts have discounted deterrence as a consideration when sentencing children. On appeal, the State concedes that defendant established cause for not raising his claim earlier but argues that defendant failed to demonstrate prejudice. The State made one argument regarding prejudice: that defendant's sentence is not a *de facto* life sentence since, at the time defendant was sentenced, he was eligible for day-for-day sentencing credit. See 730 ILCS 5/3-6-3(a)(2) (West 1994).

¶ 5     Our supreme court agreed with the State's eighth amendment argument in *Dorsey*. The court found in *Dorsey*, 2021 IL 123010, ¶¶ 36-65, that, under the eighth amendment, a sentence, such as defendant's sentence, that permits release with good-time credits in 40 years or less is not a *de facto* life sentence. However, the supreme court declined to consider the *Dorsey* defendant's additional claims, made pursuant to the proportionate penalties clause, because it found, on the particular facts before it, that those claims had been forfeited and were further barred by *res judicata*. *Dorsey*, 2021 IL 123010, ¶ 69.

¶ 6     By contrast, in the case at bar, there are no claims of forfeiture or *res judicata*. Thus, we consider defendant's claim that his sentence was disproportionate pursuant to our state's proportionate penalties clause, and we find that he has met the very low bar for filing at this

stage. For the reasons explained below, we reverse and remand for further postconviction proceedings.

¶ 7                                                    BACKGROUND

¶ 8        Since the parties raise no issues concerning the facts established at trial or at sentencing, we summarize them below.

¶ 9        The evidence at trial established that on November 8, 1994, defendant and two fellow members of the Latin Kings confronted three members of La Raza, a rival street gang, in an alley on the southwest side of Chicago. During the confrontation, defendant shot and killed Hiram Martinez, one of the three La Raza members. At trial, defendant testified that, when he observed one of the three La Raza members pull a handgun from his waist, defendant pulled out his weapon and started firing while backing up. A forensic scientist testified that the hands of one of the La Raza members tested positive for gunshot residue. However, the jury found defendant guilty of Martinez's murder and the attempted murder of the other two La Raza members.

¶ 10        At sentencing, the trial court stated that it considered defendant's age, family background, and prior criminal history, including a prior armed robbery. Although the court stated, after it announced defendant's sentence, that it had also considered defendant's rehabilitative potential, it did not find that defendant was incorrigible or without rehabilitative potential.

¶ 11        The trial court stated:

> "I am also taking into consideration, and with knowledge of—that the sentence that I impose *must* be one to deter not only this individual but others from committing this

same type of useless crimes, the useless shootings that took place in this particular case." (Emphasis added.)

¶ 12     The trial court imposed a 60-year sentence for the murder, to run concurrently with two concurrent 30-year sentences for the attempted murders. Defendant's conviction was affirmed on direct appeal. *People v. Meneses*, No. 1-97-3761 (1999) (unpublished order under Illinois Supreme Court Rule 23). Defendant's first postconviction petition was dismissed at the first stage, and its dismissal was affirmed on appeal. *People v. Meneses*, No. 1-00-3761 (2007) (unpublished order under Illinois Supreme Court Rule 23).

¶ 13                                          ANALYSIS

¶ 14     In the case at bar, defendant seeks leave to file a successive petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). The Act provides a statutory remedy for criminal defendants who claim that their constitutional rights were violated at trial or at sentencing. *People v. House*, 2021 IL 125124, ¶ 15 (the Act permits inquiry into constitutional issues relating to conviction or sentence). Although our supreme court has made clear that the Act contemplates only one postconviction proceeding, "[n]evertheless, [the supreme] court has, in its case law, provided two bases upon which the bar against successive proceedings will be relaxed." *People v. Edwards*, 2012 IL 111711, ¶ 22. To file a successive petition, a defendant must establish either (1) cause for not filing earlier and prejudice or (2) actual innocence. *Edwards*, 2012 IL 111711, ¶¶ 22-23. In the instant case, defendant alleges only cause and prejudice.

¶ 15     Prior to commencing a successive proceeding, a defendant must obtain leave of court to file his or her petition. *People v. Robinson*, 2020 IL 123849, ¶ 43. At this threshold stage, when a defendant seeks leave to file, he or she is required to demonstrate only "a *prima facie*

showing of cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24. If leave to file is granted, the petition will be docketed for second-stage proceedings. *People v. Sanders*, 2016 IL 118123, ¶ 28. Thus, at this early leave-to-file stage, the petition does not have to make the "substantial showing" that will later be required at a second-stage hearing after counsel is appointed. *Robinson*, 2020 IL 123849, ¶ 58. "[L]eave of court to file a successive postconviction petition should be denied only where it is clear from a review of the petition and attached documentation that, as a matter of law, the petitioner cannot set forth a colorable claim ***." *Sanders*, 2016 IL 118123, ¶ 24.

¶ 16    To determine whether a defendant has made a *prima facie* showing, we apply a *de novo* standard of review. *Bailey*, 2017 IL 121450, ¶ 13. *De novo* consideration means that a reviewing court performs the same analysis that a trial judge would perform. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41.

¶ 17    Under the cause-and-prejudice test, a defendant must show both (1) cause for his or her failure to raise the claim in an earlier proceeding and (2) prejudice stemming from his or her failure to do so. *Edwards*, 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)). The State concedes that defendant has established the first prong.

¶ 18    With respect to prejudice, defendant argues that his sentence was disproportionate (1) where he was only 16 years old at the time of the offense, (2) where he was sentenced to 60 years with IDOC, (3) where the trial court did not find that he was beyond rehabilitation, and (4) where the trial court found that it "must" impose a deterrent sentence, although courts have discounted deterrence as a consideration when sentencing children under certain circumstances. See, *e.g.*, *Miller v. Alabama*, 567 U.S. 460, 472 (2012). In its brief, the State did not respond to the fourth point, thereby effectively conceding it.

¶ 19    The proportionate penalties clause embodies our evolving standard of decency. *People v. Savage*, 2020 IL App (1st) 173135, ¶ 64; *People v. Minniefield*, 2020 IL App (1st) 170541, ¶ 35. Part of this evolving standard is the idea that deterrence may have little to no place in sentencing children. *People v. Haynie*, 2020 IL App (1st) 172511, ¶ 34; *People v. Morris*, 2017 IL App (1st) 141117, ¶ 33; *Miller*, 567 U.S. at 472. By contrast, the trial court in the case at bar believed that it was a "must" consideration.

¶ 20    In *Miller*, the United States Supreme Court discounted deterrence as a value in sentencing children, observing:

> "[T]he distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on juvenile offenders, even when they commit terrible crimes. Because ' "[t]he heart of the retribution rationale" ' relates to an offender's blameworthiness, ' "the cause for retribution is not as strong with a minor as an adult." ' [Citation.] Nor can deterrence do the work in this context, because ' "the same characteristics that render juveniles less culpable than adults" '–their immaturity, recklessness, and impetuosity—make them less likely to consider potential punishment." *Miller*, 567 U.S. at 472.

" '[A]dolescent brains are not yet fully mature in regions and systems related to higher-order executive functions such as impulse control, planning ahead, and risk avoidance.' " *Miller*, 567 U.S. at 472 n.5 (quoting Brief for Am. Psychological Ass'n *et al.* as *Amici Curiae* Supporting Petitioners at 4, *Miller v. Alabama*, 567 U.S. 460 (2012) (No. 10-9646)). "Deterrence cannot serve its purpose in sentencing" children since their recklessness and impetuosity make them unlikely to consider future consequences. *Haynie*, 2020 IL App (1st) 172511, ¶¶ 34-35 (vacating a 16-year old's sentence where the trial "court's focus on deterrence" was

"incongruous" with sentencing a child); *Morris*, 2017 IL App (1st) 141117, ¶ 33 (vacating a 16-year-old's sentence where the trial court imposed a long sentence stating that it would " 'deter[ ] others from hopefully doing the same' ").

¶ 21       Similarly, our legislature recently listed the factors that a trial court must consider when sentencing a juvenile defendant like the one before us, and deterrence is not one of them. See 730 ILCS 5/5-4.5-105(a) (West 2018). Section 5-4.5-105(a) of the Unified Code of Corrections provides, in relevant part, that, when sentencing a person under 18 years of age, the trial court "shall" consider the following factors:

"(1) the person's age, impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior, and the presence of cognitive and developmental disability, or both, if any;

(2) whether the person was subjected to outside pressure, including peer pressure, familial pressure, or negative influences;

(3) the person's family, home environment, educational and social background, including any history of parental neglect, physical abuse, or other childhood trauma;

(4) the person's potential for rehabilitation or evidence of rehabilitation, or both;

(5) the circumstances of the offense;

(6) the person's degree of participation and specific role in the offense, including the level of planning by the defendant before the offense;

(7) whether the person was able to meaningfully participate in his or her defense;

(8) the person's prior juvenile or criminal history; and

(9) any other information the court finds relevant and reliable, including an expression of remorse, if appropriate." 730 ILCS 5/5-4.5-105(a) (West 2018).

All the factors listed above are personal to the individual defendant. By contrast, the purpose of deterrence is to discourage others. See *People v. Thomas*, 277 Ill. App. 3d 214, 220 (1995) (where the offense is "not the type of conduct for which a severe sentence would deter others," deterrence is an improper factor).

¶ 22 The proportionate penalties clause provides greater protections than the eighth amendment does. *Savage*, 2020 IL App (1st) 173135, ¶ 65; *Minniefield*, 2020 IL App (1st) 170541, ¶ 35. Under the broader protection provided by our state's own clause, defendant has met the low threshold at this stage to allege a colorable claim of disproportionality, where the trial court believed that deterrence was a "must" consideration for children. To be effective, deterrence requires a mind capable of forethought. Thus, we reverse and remand for second-stage proceedings where defendant will be required to make a substantial showing that, as applied to him, the sentence he received was constitutionally disproportionate.

¶ 23 Since we are remanding for further proceedings, we note that the State attached a sheet to the appendix of its brief that purports to set forth defendant's expected release date. If the State believed there was a need to supplement the record on appeal with this document, it should have moved to do so. An appendix should be limited to documents already in the record; and placing documents in a brief's appendix does not make them part of the appellate record. See *People v. Carter*, 2019 IL App (1st) 170803, ¶ 44 (" '[t]he inclusion of evidence in an appendix is an improper supplementation of the record with information *dehors* the record' " (quoting *People v. Wright*, 2013 IL App (1st) 103232, ¶ 38)); Ill. S. Ct. R. 342 (eff. Oct. 1, 2019) (an appendix may include "materials from the record that are the basis of the appeal or pertinent to it"). "[I]f the materials are not taken from the record, they may not generally be placed before the appellate court in an appendix and will be disregarded." *Oruta v. B.E.W.*,

2016 IL App (1st) 152735, ¶ 32. "This is particularly true" when "the document that is affixed to the appendix is an essential component" needed "to evaluate the specific argument raised" by the party "on appeal." *Carter*, 2019 IL App (1st) 170803, ¶ 44.

¶ 24                                                    CONCLUSION

¶ 25            For the foregoing reasons, we reverse and remand for second stage proceedings.

¶ 26            Reversed and remanded.

---

**No. 1-19-1247**

---

| | |
|---|---|
| **Cite as:** | *People v. Meneses*, 2022 IL App (1st) 191247-B |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 94-CR-2853503; the Hon. William Raines, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Joshua M. Bernstein, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, David H. Iskowich, and Margaret Smith, Assistant State's Attorneys, of counsel), for the People. |

---