2022 IL App (2d) 210477-U
No. 2-21-0477
Order filed September 23, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 90-CF-105 |
| CHRISTOPHER STER, | ) ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE BRENNAN delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly denied defendant's motion for leave to file a successive postconviction petition. First, the proportionate-penalties claim defendant asserts on appeal was not included in his proposed petition; therefore, he forfeited the claim. Second, forfeiture aside, defendant did not show cause for failing to bring the proportionate-penalties claim in his original petition; defendant pointed to changes in the law of juvenile sentencing but did not identify a new substantive rule that would furnish cause.

¶ 2   Defendant, Christopher Ster, who was 17 years old in 1990 when he committed a murder, appeals from the denial of his motion for leave to file a successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2000)). He contends that his

proposed petition stated a viable claim under the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Specifically, he argues that his sentence, under which he will likely be released after just over 39 years in prison, is disproportionate given his age at the time of the offense. He further argues that he can show cause for not raising this claim in his original petition filed in 2000. Specifically, he points to a series of judicial decisions and changes to juvenile sentencing provisions since 2000, which now require greater consideration of youth at sentencing and which were not available or in effect in 2000. We hold that defendant forfeited his proportionate-penalties claim by failing to raise it in the trial court. Forfeiture aside, we hold that the evolving standards that defendant identifies do not create a new substantive rule providing cause to file a successive petition under the Act. We thus affirm the denial of defendant's motion for leave to file.

¶ 3                                    I. BACKGROUND

¶ 4      On January 30, 1990, a grand jury indicted defendant on a single count of first-degree murder (intent to kill or do great bodily harm) (Ill. Rev. Stat. 1989, ch. 38, ¶ 9-1). The indictment alleged that, on January 27, 1990, defendant and a codefendant stabbed George Reger to death with a knife. Defendant ultimately pleaded guilty but mentally ill to the charge; there was no agreement concerning his sentence, but the State agreed that it would not advocate for a life sentence. Instead, defendant received an extended-term sentence of 80 years' imprisonment; the basis for the extended term was that the victim was 60 years or older. In ruling on his 1990 appeal of that sentence, we described the facts of the offense as follows:

> "Defendant killed Mr. George Reger, a 73-year-old man, on Saturday, January 27, 1990, at the North Suburban Library in Loves Park, Illinois. Defendant, who was 17 years old at the time of the offense, had gone to the library that day with his 15-year-old brother,

Richard, and his 16-year-old friend, Edward Baney. Baney had given defendant a butterfly-style knife with a 7-inch blade on the way to the library after defendant had stated that he wanted to kill someone. ***

Once at the library, *** defendant and his brother entered the library's restroom. Mr. Reger subsequently entered the bathroom and while Mr. Reger stood at the urinal, defendant approached him from behind and stabbed him once in the back of the neck. The knife sunk three inches into Mr. Reger' s neck and defendant held the knife in place while Mr. Reger staggered around the restroom. Defendant told his brother to take Mr. Reger's wallet, but Richard, frightened by the amount of blood present, refused. Defendant and his brother then fled the library to Baney's awaiting automobile." *People v. Ster*, No. 2-90-1231, 1-2 (1993) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5    Defendant's mental health was a potential issue in the case:

"Following defendant's arrest, he was examined by three psychologists and a psychiatrist. Two psychologists determined that defendant was legally insane at the time of the killing. The remaining two experts concluded that defendant was not legally insane while committing the offense. One of the remaining two concluded that defendant is mentally disturbed and the other determined that defendant's test results supplied some evidence of mental disturbance." *Ster*, No. 2-90-1231 at 2.

¶ 6    At defendant's sentencing hearing, Frederick McNally, a clinical psychologist, testified that he had examined defendant and determined that he had schizophrenia, which medication can control but not cure. McNally opined that defendant was in a psychotic state when he killed Reger. Before imposing the 80-year sentence, the court also heard victim impact statements from Reger's family, which included pleas to keep defendant in prison for life. Defendant moved for

reconsideration of his sentence, arguing, among other things, that the sentence violated the proportionate-penalties clause.

¶ 7    Defendant's direct appeal challenged the use of the victim impact statements and argued that the sentence was an abuse of discretion. We affirmed. *Ster*, No. 2-90-1231 at 8.

¶ 8    On August 18, 2000, defendant filed his original petition under the Act. He asserted that the extended-term portion of his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Apprendi* held that, other than a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The court appointed counsel for defendant. Later, on the State's motion, the court dismissed the petition, concluding that *Apprendi* did not apply retroactively. We again affirmed. *People v. Ster*, No. 2-01-0157 (2002) (unpublished order under Supreme Court Rule 23).

¶ 9    On August 4, 2021, defendant filed a *pro se* motion for leave to file a successive postconviction petition. His motion relied on the eighth amendment to the United States Constitution (U.S. Const. amend. VIII) as construed in *Miller v. Alabama*, 567 U.S. 460 (2012), *People v. Buffer*, 2019 IL 122327, and other cases. He argued that, under these authorities, his 80-year sentence constituted a *de facto* life sentence and was invalid because it was imposed without adequate consideration of his youth when he committed the offense. He contended that his proposed petition satisfied the cause-and-prejudice test for allowing a successive petition (see *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)) because the principles of *Miller* and *Buffer* were not part of the law in 2000 when he filed his original petition. Consistent with his motion, defendant's proposed petition argued that his 80-year sentence was a *de facto* life sentence imposed in violation of the eighth amendment.

¶ 10    The trial court denied defendant's motion, and defendant filed a timely notice of appeal.

¶ 11                                   II. ANALYSIS

¶ 12    On appeal, defendant contends that the trial court erred in denying leave to file his successive postconviction petition. Initially, he concedes that his sentence is not a *de facto* life sentence under *Buffer* considering his potential good-time credit, as *People v. Dorsey*, 2021 IL 123010, requires. He admits that the Department of Corrections calculates his potential release after serving just over 39 years. Further, he recognizes that, under *Buffer*, only a sentence *exceeding* 40 years is a *de facto* life sentence (*Buffer*, 2019 IL 122327, ¶ 41). However, he contends that he also "incorporated a proportionate penalties clause claim into his motion," when he asserted

> "For [his showing of] cause, [defendant] filed his petition after *** numerous decisions [requiring increased consideration of youth in sentencing] were filed and after the changes in the laws with respect to juvenile sentencing came into effect[, specifically legislative changes that are more protective of juvenile defendants]. Prior to that point, he would not have had a valid claim under law because the evolving standards of decency, and the corresponding understanding of the proportionate punishment for juveniles, had not yet been established. As the Supreme Court explained, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel ... would constitute cause under this standard.' "

He further contends that he raised a proportionate-penalties claim in his petition when he argued that, "based on evolving societal standards, case law, and general principles of fairness, his sentence, even considering day-for-day credit, was unjust and constituted a *de facto* life sentence." Defendant argues that these statements amounted to a proportionate-penalties claim where they

suggested his sentence was a *de facto* life sentence that was unjust "due to the evolution of societal standards of decency." Defendant also contends that he can show prejudice because, under *People v. Meneses*, 2022 IL App (1st) 191247-B, ¶¶ 15-18, a sentence that falls below *Buffer*'s 40-year threshold may still be invalid under the proportionate-penalties clause.

¶ 13    The State responds that defendant forfeited his proportionate-penalties claim because he did not raise it in his motion for leave to file a successive petition or his proposed petition. In support, the State cites *Dorsey*, where the supreme court found that the defendant's proportionate-penalties claim in his proposed successive petition was forfeited because he raised it for the first time in the supreme court. *Dorsey*, 2021 IL 123010, ¶ 70. Forfeiture aside, the State further contends that defendant did not establish cause for failing to raise a proportionate-penalties claim in his original petition:

> "[T]he *Dorsey* court found that the new rule under the eighth amendment announced in *Miller* *** did not 'provide cause for a defendant to raise a claim under the proportionate penalties clause.' [Citation.] As the [*Dorsey*] court explained, 'Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of "some helpful support" for his state constitutional law claim, which is insufficient to establish "cause." ' [Citation.]"

Finally, the State argues that defendant's proportionate-penalties claim would necessarily fail because, under *Buffer* and *Dorsey*, only a sentence greater than 40 years after accounting for good-time credit shocks the moral sense of the community and thus violates the clause.

¶ 14    In reviewing denial of leave to file a successive postconviction petition, we are limited to arguments actually made by defendant in support of the petition. "Allegations not raised in the

postconviction petition cannot be considered on appeal." *People v. Jones*, 2017 IL App (1st) 123371, ¶¶ 59-60. Likewise, a defendant appealing the denial of leave to file a successive petition under the Act may not raise a claim not included in the proposed successive petition. See 725 ILCS 5/122-3 (West 2020) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."). We hold that defendant forfeited his proportionate-penalties claim by failing to raise it in the trial court.

¶ 15    Defendant is incorrect that he raised a proportionate-penalties claim in his proposed petition. In the section of the petition to which he directs us, he argued that his "continued imprisonment is manifestly unjust." He implied that *Dorsey* was wrong to hold that a court must consider potential good-time credit in determining whether a sentence exceeds *Buffer*'s 40-year threshold. He claimed that he "was entitled to discharge from custody after having served 20 years—half of the maximum 40-year term to which he could be constitutionally sentenced under *Buffer*." Since he had already passed that 20-year mark, his "continued incarceration *** for even one more day would be fundamentally and manifestly unjust." His based his entitlement to "immediate discharge * * * on the current state of constitutional juvenile sentencing caselaw." The entirety of defendant's claims in his petition were premised on *Buffer*, which was concerned with establishing what constitutes a *de facto* life sentence for eighth amendment purposes (see *Buffer*, 2019 IL 122327, ¶ 32); not once does defendant reference the proportionate-penalties clause.

¶ 16    In contrast to his petition, defendant's argument on appeal centers squarely on the proportionate-penalties clause. He abandons the claim in his petition that his sentence is a *de facto* life sentence under *Buffer* and argues instead that even a sentence shorter than a *de facto* life sentence can violate the proportionate- penalties clause given a defendant's youth and other

mitigating circumstances. He contends that his sentence is unjust *even considering* his good-time credit. In our view, the only thing these two arguments share is a general appeal to justice, which is not enough to establish any identity between them.

¶ 17    To evade forfeiture on the ground that allegations not raised in the postconviction petition cannot be considered on appeal, defendant argues that *Dorsey* suggested that a proportionate-penalties argument in a successive postconviction petition can be made for the first time on appeal. Specifically, defendant refers to the statement in *Dorsey* that, "Defendant did not raise the proportionate penalties argument in his petition for leave to file a successive postconviction petition or in the petition itself, nor did he raise it in his briefs before the appellate court on appeal from denial of leave to file his successive petition or in his petition for leave to appeal to this court. It is therefore forfeited." *Dorsey,* 2021 IL 123010, ¶ 70. Defendant misreads this language. In finding forfeiture in this context, the *Dorsey* court was not suggesting that forfeiture would have been any less problematic for the defendant had he raised his proportionate-penalties argument for the first time in the appellate court. As in *Dorsey,* defendant's proportionate-penalties claim is forfeited because he brings it for the first time on appeal. *Id.;* see also *Jones*, 2017 IL App (1st) 123371, ¶¶ 59-60 (allegations not raised in the postconviction petition forfeited on appeal).

¶ 18    Parenthetically, we also note *Dorsey's* holding that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *Dorsey*, 2021 IL 123010, ¶ 74. This is because "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing." *Id.* Defendant's reference to otherwise uncited changes in juvenile law would likewise not call into question the historical availability of a proportionate-penalties claim to defendant.

¶ 19                                    III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County

denying defendant leave to file his successive postconviction petition.

¶ 21    Affirmed.